**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

AUSTIN LEE SULLIVAN PLAINTIFF

v. 3:12-cv-00092-BSM-JJV

DALE COOK, Sheriff of Mississippi County; *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, Austin Sullivan, is an inmate in the Ouachita River Unit of the Arkansas Department of Correction. He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging that while detained in the Mississippi County Detention Facility, the Defendants violated his constitutional rights. After careful review, the Court finds that the Complaint (Doc. No. 2) should be dismissed pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

**I. SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II. ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotations omitted). For liability under § 1983 to attach, there must be "a causal link to, and direct responsibility

for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

According to Plaintiff, while awaiting trial on pending charges, he was placed in a cell at the Mississippi County Detention Facility with an inmate who had already been sentenced. (Doc. No. 2.) Plaintiff states that this was a in violation of MCDF policy. (*Id.*) Plaintiff further states that the inmate assaulted him with a broom causing a laceration to his head that required seven stitches. (*Id.*) Following the assault, Plaintiff called for help twice on the cell intercom before anyone came to investigate the matter. (*Id.*) The Court finds that Plaintiff alleges sufficient facts in his Complaint to establish a violation of his constitutional rights.

However, because he fails to make any specific allegations against the named Defendants, the Complaint must be DISMISSED. Plaintiff names Sheriff Dale Cook, Chief Deputy Bobby Stabbs, Jail Administrator Clyborn Hicks, and Head Jailer Luther Whitfield as Defendants. He fails to allege any facts to suggest that these Defendants were either personally involved or had direct responsibility for the violation of his constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

To the extent that Plaintiff seeks to hold the defendants liable under a theory of respondeat superior, it is well settled that respondeat superior is inapplicable to claims under § 1983. *See Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012); *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012); *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011).

As to Plaintiff's assertion that the Defendants failed to follow MCDF policy and procedure, the failure to follow a jail policy does not give rise to a claim under §1983.

*Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blakenship*, 100 F.3d 640, 643 (8th Cir. 1996).

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) should be DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

2. Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g)[1].

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment would not be taken in good faith.

DATED this 16th day of January, 2013.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).